THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LACHELLE BOWERS, )<br>)<br>    *Plaintiff*, )<br>   v. )<br>)<br>CITY OF CHICAGO, )<br>)<br>    *Defendant.* )<br>)<br>) | No. 23 C 4134<br><br>Judge Virginia M. Kendall |

## MEMORANDUM OPINION AND ORDER

On June 27, 2023, Plaintiff LaChelle Bowers filed a Complaint in this Court, alleging race and age discrimination and retaliation by her former employer, the City of Chicago. (Dkt. 1). Defendant City of Chicago now moves to dismiss the complaint in its entirety. (Dkt. 30). For the reasons below, the City's motion to dismiss [30] is granted and Bowers' claims are dismissed with prejudice.

## BACKGROUND

Bowers, who is African American and over the age of 40, worked for the City of Chicago's tax division as a program auditor from 2007 until the City terminated her employment in February 2018. (Dkt. 1 ¶¶ 5–6, 76). On March 29, 2018, Bowers filed a Charge of Discrimination ("Charge") with the Illinois Department of Human Rights ("IDHR"), alleging she was discriminated against on account of her race and age and retaliated against in violation of the Illinois Human Rights Act ("IHRA"). (Dkt. 32-1 at 6–9). The Charge was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). In January 2019, without waiting for a determination or right to sue notice from the IDHR, Bowers sued the City in the Cook County Circuit Court (the "State Action"), bringing claims of retaliation (stemming from her termination) and race, sex, and age discrimination. (Dkt. 32-3). Bowers amended her complaint three times, but each complaint brought nearly identical allegations of race and age discrimination and retaliation leading up to and including her termination. (Dkt. 32-4). The Third Amended Complaint included five-counts: (1) violation of the Illinois Whistleblower Act, (2) retaliatory discharge, (3) race-based discrimination in violation of the IHRA, (4) age-based discrimination in violation of the IHRA, and (5) retaliation in violation of the IHRA. (Dkt. 32-4 at 45–59).

On September 5, 2019, Cook County Circuit Court Judge Diane Shelley dismissed Counts I and II with prejudice, finding that they were preempted by the IHRA, and dismissed Counts III, IV, and V to the extent the claims stemmed from acts that occurred more than 180 days before Bowers filed her Charge with the IDHR. On October 21, 2021, Judge Shelley dismissed the State Action for want of prosecution. (Dkt. 32-6). Bowers filed a motion to vacate the dismissal, which

Judge Shelley denied, noting that "Bowers failed to comply with many court orders, and twice failed to appear for deposition despite the court's assistance." (Dkt. 32-7; Dkt. 32-8 at 2).

In April 2023, the EEOC issued Bowers a notice of her right to sue on her cross-filed EEOC Charge. (Dkt. 32-2). Then, on June 27, 2023, Bowers initiated the instant action in federal court. (Dkt. 1). She once again brings claims of retaliation in violation of the Illinois Whistleblower Act (IWA) and the Illinois Human Rights Act (IHRA) (Counts I & V); retaliatory discharge under Illinois common law (Count II); and race and age discrimination under the IHRA (Counts III & IV). (*Id.* at ¶¶ 79–118).

## LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022) (quoting Fed. R. Civ. P. 8(a)(2)). The statement must give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Bonnstetter v. City of Chicago*, 811 F.3d 969, 973 (7th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). At this stage, the Court accepts well-pleaded factual allegations as true, "draw[ing] all reasonable inferences in the [plaintiff's] favor." *Gociman v. Loyola Univ. of Chi.*, 41 F.4th 873, 878 (7th Cir. 2022). Further, the Court liberally construes the allegations in a pro se plaintiff's complaint. *Ebemeyer v. Brock*, 11 F.4th 537, 542 n.4 (7th Cir. 2021) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Generally, the Court must limit its review on such a motion to the pleadings, but a narrow exception to the rule allows the Court to take judicial notice of matters of public record. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir.1997).

## DISCUSSION

### I. Subject Matter Jurisdiction

The City moves to dismiss this action for lack of subject matter jurisdiction, noting Bowers' failure to state a claim that presents a federal question or that arises from state law. But the City reads the Complaint too narrowly. The Court must liberally construe a pro se plaintiff's allegations. *Ebemeyer*, 11 F.4th at 542 n.4. Construing Bowers's allegations liberally, her Complaint states plausible claims for race and age discrimination under Title VII of the Civil Rights Act and the Age Discrimination in Employment Act ("ADEA"). Bowers also adequately alleges retaliation under the same statutes. Before discussing the merits of those claims, however, the Court acknowledges the res judicata issue that prevents this case from going any further.

### II. Res Judicata

As the City notes in its motion, the doctrine of res judicata is not generally a proper basis for a Rule 12(b)(6) motion to dismiss because a plaintiff is not required to proactively address potential affirmative defenses in her complaint. *Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008). Nevertheless, a Rule 12(b)(6) motion based on an affirmative defense is proper when the pleadings and other materials available to the Court for review establish the validity of the

affirmative defense. *Id.* To hold otherwise would impinge upon the Court's ability to promote judicial economy.

Bowers filed a lawsuit in state court that shares the same core of operative facts as the claims alleged in the present action. Thus, the City contends, and the Court agrees, the present action should be barred by the doctrine of res judicata. Under Illinois law, res judicata requires "(1) a final judgment on the merits rendered by a court of competent jurisdiction, (2) the same cause of action, and (3) the same parties or their privies." *White v. Illinois State Police*, 15 F.4th 801, 809 (7th Cir. 2021) (internal quotations and citations omitted). If these three elements are met, then "res judicata will bar not only every matter that was actually determined in the first suit, but also every matter that might have been raised and determined in that suit." *Id.*

Here, each element of res judicata is met. Bowers alleged the same five causes of action against the same defendant, the City, in her State Action as in the Complaint. There was a final judgment on the merits of Bowers' IWA and retaliatorily discharge claims when Judge Shelley dismissed those claims with prejudice. *Bonnstetter v. City of Chicago*, 811 F.3d 969, 975 (7th Cir. 2016) (dismissal with prejudice constitutes a final judgment). The remaining three IHRA claims were dismissed for want of prosecution on October 21, 2021. In Illinois, "dismissals for want of prosecution" are considered "final judgments on the merits [when] the statute of limitations and a one-year refiling period have expired." *Jones v. Syntex Lab'ys, Inc.*, 1 F. App'x 539, 541 (7th Cir. 2001) (citing 735 ILCS 5/13–217). The statute of limitations on Bowers IHRA claims lapsed ninety days after Bowers received the IDHR's March 18, 2019 notice of dismissal. 775 ILCS 5/7A-102(D)(3)-(4) ("If [a person] chooses to commence a civil action in a circuit court, [they] must do so within 90 days after receipt of" the notice of dismissal for lack of substantial evidence.). The one-year refiling window closed on October 21, 2022, at which time the dismissal for want of prosecution became a final judgment on the merits, thus satisfying the third element of res judicata and barring Bowers' present action.

To the extent Bowers seeks to raise federal claims based on the allegations in the Complaint, such claims are also barred. Under the Full Faith and Credit Act, a federal court must give the same preclusive effect to state court judgments as another court of that state would give it. 28 U.S.C. § 1738. This clause applies to state court judgments arising from judicial review of state administrative proceedings. *Garcia v. Vill. of Mount Prospect*, 360 F.3d 630, 634 (7th Cir. 2004) (citing *Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 481 (1982)). Thus, when a state court judgment would be given preclusive effect under state law, section 1738 requires the preclusion of Title VII and ADEA claims. *See Pirela v. Vill. of N. Aurora*, 935 F.2d 909, 911 (7th Cir. 1991) (applying preclusive effect of state court judgment to Title VII claims); *Elder v. Illinois Dep't of Hum. Servs.*, 215 F.3d 1329 (7th Cir. 2000) (applying preclusive effect of state court judgment to ADEA claim).

3

**CONCLUSION**

For the reasons above, the City's motion to dismiss [30] is granted and Bowers' claims are dismissed.

_____
Virginia M. Kendall
United States District Judge

Date: August 21, 2024